Michael Nourmand, Esq. (SBN 198439)
Email: mnourmand@nourmandlawfirm.com
James A. De Sario, Esq. (SBN 262552)
Email: jdesario@nourmandlawfirm.com
**THE NOURMAND LAW FIRM, APC**
1801 Century Park East, Suite 2600
Los Angeles, California 90067
Telephone (310) 553-3600
Facsimile (310) 553-3603

Attorneys for Plaintiff,
MIGUEL ARRIOLA, on behalf of himself and
all others similarly situated

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ARRIOLA, on behalf of himself and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>WS PACKAGING GROUP, INC., a business entity form unknown; WISCONSIN LABEL CORPORATION & SUBSIDIARIES, a business entity form unknown; WISCONSIN LABEL CORPORATION, a Wisconsin corporation; and DOES 1 through 100, Inclusive,<br><br>Defendants. | Case No. CV 10 7941 JHN (PLAx)<br><br>Assigned to Hon. Jaqueline H. Nguyen<br><br>**NOTICE OF MOTION AND MOTION FOR ORDER REMANDING CASE TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JAMES A. DE SARIO**<br><br>DATE : January 24, 2011<br>TIME : 2:00 p.m.<br>ROOM : 790 Roybal<br><br>State Action Filed: September 17, 2010<br>Removal Date: October 22, 2010 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on January 24, 2011, at 2:00 p.m., or as soon thereafter as the matter can be heard in Courtroom 790 of the above-named court, located at 255 E. Temple Street, Los Angeles, California, plaintiff MIGUEL ARRIOLA ("Plaintiff") will and hereby moves this Court for an order providing

that the instant action be remanded back to state court, that Defendants pay an award of attorneys' fees and costs to plaintiff in the amount of $4,125.00 or in an amount that the Court deems appropriate, and that the Clerk of the Court send a certified copy of the order to the clerk of the state court where the action was originally filed.

This Motion will be based on this Notice, the Memorandum of Points and Authorities filed herewith, the accompanying Declaration of James A. De Sario, the complete files and records in this action, and all other matters and evidence that may be presented at the hearing on this motion.

DATED: November 19, 2010                    THE NOURMAND LAW FIRM, APC

By: _____
Michael Nourmand, Esq.
James A. De Sario, Esq.
Attorneys for Plaintiff

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION AND PROCEDURAL HISTORY

On September 17, 2010, plaintiff MIGUEL ARRIOLA ("Plaintiff") filed this putative class action in Los Angeles Superior Court, Central District, against defendants WS PACKAGING GROUP, INC.; WISCONSIN LABEL CORPORATION & SUBSIDIARIES; and WISCONSIN LABEL CORPORATION ("Defendants").  Plaintiff was employed by Defendants as a printer in Los Angeles County and seeks to represent similarly situated employees for Defendants violation of California's state wage and hour laws and California's prohibition on unfair competition.[1]  On October 22, 2010 Defendants filed a Notice of Removal under 28 U.S.C. § 1441(b), 28 U.S.C. § 1332(a) and 28 U.S.C. § 1332(d).

## II.

## SUMMARY OF ARGUMENT

Plaintiff seeks to remand the action back to state court on the grounds that (1) Defendants have failed to establish that there is diversity of citizenship between Plaintiff (or any putative class member) and Defendants; and (2) Defendants have failed to show that the amount in controversy exceeds the jurisdictional amounts of $75,000 [28 U.S.C. § 1332(a) ] and/or $5,000,000 [28 U.S.C. § 1332(d)].

Put simply, Defendants have not met their burden to show that this action is subject to federal jurisdiction.  A key component of jurisdiction under the relied upon statutes is that the party seeking removal provide competent proof of diversity of citizenship and that the required amount in controversy is met.  Defendants,

---

[1] Plaintiffs' Complaint states seven causes of action: (1) Failure to Provide Uniform Maintenance Allowance (Cal. Lab Code §2802); (2) Failure to Furnish Wage Statements (Cal. Lab. Code §§ 226, 1174) ; (3) Violation of Cal. Lab. Code § 212; (4) Failure to Pay All Wages Every Pay Period (Cal. Lab. Code § 204); (5) Failure to Pay Wages of Terminated or Resigned Employee  (Cal. Lab. Code §§ 201 and 202); (6)Failure to Pay Penalty Wages (Cal. Lab. Code § 203); and (7) Unfair Competition (Cal. Bus. & Prof. Code § 17200)

however, fall markedly short of meeting the burden to prove diversity of citizenship or the requisite amount in controversy. In fact, Defendants rely solely on conjecture and a series of assumptions about Plaintiff and the putative class. Notably, Defendants' analysis of jurisdiction does not rely on a single piece of evidence, such as, payroll records or any other employee records reflecting the actual number of putative class members, their addresses, hours worked, shifts worked, etc., to support their conclusionary contention that diversity of citizenship and amount in controversy is met. Defendants evidence falls well short of the heavy burden it must bear to show that removal jurisdiction is proper. Lastly, because of Defendants' improper Notice of Removal, Plaintiff seeks to be awarded costs and attorneys' fees for having to bring this motion to remand.

## III.

## STANDARD OF REVIEW

**A.    Defendants Have The Burden Of Proving That The Requisite Jurisdiction Exists To Support Removal And A Strong Presumption Against Removal Exists In Removal Actions**

The burden of establishing federal subject matter jurisdiction is on the party seeking removal. . .". *Prize Frize, Inc. v. Matrix* (U.S.) Inc. (9th Cir. 1999) 167 F..3d 1261, 1265; *Gaus v. Mile, Inc.* (9th Cir. 1992) 980 F.2d 564, 567-[defendant bears burden of actually proving the facts to support removal]; *Industrial Tectonics, Inc. v. Aero Alloy* (9th Cir. 1990) 912 F.2d 1090, 1092. -[The burden falls on the party asserting federal jurisdction to provide competent proof]. "[F]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Mile, Inc.* (9th Cir. 1992) 980 F.2d 564, 566; *Duncan v. Stuetzle* (9th Cir. 1996) 76 F.3d 1480, 1485. "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Mile, Inc.* (9th Cir. 1992) 980 F.2d 564, 566. A removed action must be remanded to state court if the federal court lacks subject

NOTICE OF MOTION AND MOTION FOR ORDER REMANDING CASE TO STATE COURT

matter jurisdiction 28 U.S.C. § 1447(c).

The Class Action Fairness Act ("CAFA") does not shift the burdens normally applied to removal actions. "[U]nder CAFA, the burden of establishing removal jurisdiction remains...on the proponent of federal jurisdiction." *Abrego Abrego v. Dow Chem. Co.* (9th Cir. 2006) 443 F.3d 676, 690. As will be demonstrated below, Defendant can not meet its heavy burden and establish that removal is proper.

### B. Defendants Have Failed To Meet Their Heavy Burden To Support Removal Jurisdiction

Defendants' Notice of Removal is based on diversity jurisdiction under 28 U.S.C. § 1332(a) and 28 U.S.C. § 1332(d). To establish diversity jurisdiction under 28 U.S.C. § 1332(a) Defendants have the burden to establish that the matter in controversy exceeds *$75,000* and is between *citizens* of different states. To establish diversity jurisdiction under 28 U.S.C. § 1332(d), CAFA, the Defendants must demonstrate, at a minimum, that at least one plaintiff and one defendant are *citizens* of different states and that the aggregate amount in controversy exceeds *$5,000,000*, exclusive of interest and costs.

Defendants failed to meet their burden for establishing diversity jurisdiction under 28 U.S.C. § 1332(a) and 28 U.S.C. § 1332(d) for the following reasons:

#### 1. Defendants Failed to Establish The Diversity of Citizenship Between Plaintiff and Defendants

Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties. *Kanter v. Warner-Lambert Co.* (9th Cir. 2001) 265 F.3d 853, 857.

For diversity purposes, a corporation shall be deemed a citizen of any state by which it has been incorporated and of the state where it has its principle place of business. 28 U.S.C. § 1332(c)(1). If the corporation is engaged in multistate operations, "its principle place of business" must be ascertained for diversity purposes. The removing party must provide detailed factual information to

determine the principle place of business for analysis under the "nerve center" test and the "place of operation" test. Defendants' Notice of Removal claims that "Defendants are citizens of Wisconsin where they are duly incorporated and have their principle place of business and corporate headquarters." [Please see Notice of Removal, Page 2, Paragraph 4]. In support of such assertion, Defendants merely reference Plaintiff's Complaint, specifically paragraphs nine and ten. Defendants offer no evidence by way of signed declaration or documentation supporting place of incorporation. Further, Defendants do not offer a modicum of proof to show that the principle place of business and corporate headquarters is in Wisconsin (i.e., where the directors and stock holders meet; where the executives live; where the administrator and financial offices are located; where the corporate income tax is filed). Accordingly, Defendants have not affirmatively shown their citizenship by way of competent facts.

To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. *Kantor v. Wellesley Galleries, Ltd.* (9th Cir. 1983) 704 F2d. 1088, 1090. Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Kanter v. Warner-Lambert Co.* (9th Cir. 2001) 265 F.3d 853, 857. "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.* Here, Defendants have not established that Plaintiff is a Citizen of California. Defendants' Notice if Removal simply states that "Plaintiff is a citizen of California," citing only Plaintiff's Complaint. [Please see Notice of Removal, Page 2, Paragraph 4]. However, Plaintiff's Complaint does not allege Plaintiff's citizenship; it merely alleges that Plaintiff is a resident of Los Angeles, County. This statement, without more, is not sufficient to show Plaintiff's citizenship. Moreover, Defendants have not offered a shred of evidence regarding Plaintiff's intent to remain in California. Thus, Defendants have failed to meet their burden of establishing that diversity of citizenship is present between Plaintiff

NOTICE OF MOTION AND MOTION FOR ORDER REMANDING CASE TO STATE COURT

and Defendants.

### 2. No Diversity Jurisdiction Exists Because Defendants Failed to Meet Its Burden of Demonstrating Facts To Support An Amount In Controversy Exceeding $75,000 [28 U.S.C. § 1332(a)] And $5,000,000 [28 U.S.C. § 1332(d)]

As the party invoking federal jurisdiction, Defendants bear the burden of demonstrating that removal is proper. If it is unclear what amount of damages the plaintiff has sought...then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount. *Gaus v. Miles, Inc.* (9th Cir. 1992) 980 F.2d 564, 566-567. In such cases, a defendant must show by a preponderance of the evidence that the jurisdictional amount exists for a federal court to retain jurisdiction. *Lowdermilk v. U.S. Bank Nat'l* Ass'n (9th Cir. 2007) 479 F.3d 994, 998. Thus, Defendants must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Insurance Co.* 102 F.3d 398, 404 (9th Cir. 1996). Conclusionary allegations as to the amount in controversy are insufficient. *Matheson v. Progressive Specialty Ins.* (9th Cir.2003) *Co.* 319 F.3d 1089, 1090. Any doubt regarding the right of removal is to be resolved in favor of remand. *Id.* at 1090.

Here, Plaintiff's Complaint does not specify an amount of damages. Therefore, the Defendants must offer evidence sufficient to prove the amount in controversy. Under 28 U.S.C. § 1332(a), the amount in controversy must exceed $75,000. Under 28 U.S.C. § 1332(d), the amount in controversy must exceed $5,000,000. Defendants' Motion for Removal is bereft of any substantive evidence or analysis demonstrating that the amount in controversy exceeds the jurisdictional requirements. Defendant's Notice of Removal, at paragraph six, devotes nothing more than *seven* lines of speculative conclusions (that the amount in controversy exceeds $75,000 and $5,000,0000) rather than facts supported by admissible

evidence. For instance, Defendants do not offer a declaration in support of their contention that there are over "200 Plaintiffs"; there is no evidence presented as to the number of work weeks, hours or shifts, etc. for putative class members; there is no evidence presented as to the number of employees who were required wear and maintain their uniforms. Therefore, from the evidence presented by Defendants, or lack thereof, it would be mathematically impossible for the Defendants to assert that the amount in controversy exceeds $75,000 and $5,000,000. Where there is no evidentiary showing, as here, Defendants can do no more than assume – and ask the Court to assume – that damages are in excess of the jurisdictional requirements. This is entirely contrary to what Defendants are required to prove when seeking removal under diversity jurisdiction.

Defendants failure to make any showing is particularly inexcusable since, as the employer, they have ready access to all the facts, records and information necessary to make a showing on this issue[2].

A showing to support the $75,000 and $5,000,000 threshold amount in controversy is expected under the required "more likely than not" standard. By failing to provide evidentiary support or even any reasoned analysis for their conclusions, Defendants have failed to meet there heavy burden of showing that the amount in controversy exceeded $75,000 [28 U.S.C. § 1332(a)] and $5,000,000 [28 U.S.C. § 1332(d)].

### IV.
### PLAINTIFF IS ENTITLED TO ATTORNEY'S FEES AND COSTS INCURRED AS A RESULT OF DEFENDANTS' IMPROPER REMOVAL

If grounds for removal are lacking or if there is a defect in the removal procedure, the Federal court should order the removing defendant to pay plaintiff "just costs. . .including attorney's fees" incurred as a result of the improper

---

[2] California Lab. Code §§ 226 and 1174 require the employer to maintain payroll and time records.

removal. 28 U.S.C. § 1447(c). Such an award is proper when the "removing party lacked an objective reasonable basis for seeking removal." *Martin v. Franklin* (2005) 546 U.S. 132. As demonstrated above, Defendant did not have a reasonable basis for removal. Defendants failed to offer competent proof to support the key elements required for diversity jurisdiction. Accordingly, Plaintiff should obtain attorneys' fees of $4,125, as set forth in the Declaration of James A. De Sario.

## V.
## CONCLUSION

Because Defendants' removal of this action was improper, Plaintiff respectfully requests an order that the case be remanded to the Los Angeles Superior Court and that Plaintiff be awarded costs and attorneys' fees in the sum of $4,125.

DATED: November 19, 2010           THE NOURMAND LAW FIRM, APC

                                  By: _____
                                      Michael Nourmand, Esq.
                                      James A. De Sario, Esq.
                                      Attorneys for Plaintiff

## DECLARATION OF JAMES A. DE SARIO

I, James A. De Sario, declare as follows:

1. I am an attorney at law, duly licensed to practice before all the Courts of the State of California and I am an associate of The Nourmand Law Firm, APC, attorneys of record for Plaintiff Miguel Arriola. As such, I am familiar with the file in this matter and if called as a witness I could and would competently testify to the following facts of my own personal knowledge:

2. This declaration is made in support of Plaintiff's Notice of Motion and Motion to Remand Case to State Court.

3. The balance of this declaration is submitted in regard to attorneys' fees and costs expended in preparing and filing the Motion to Remand, with which this Declaration is concurrently submitted.

4. Defendants had no reasonable basis for removing the case to federal court, in that they can not meet the burden by a showing of facts that there is complete diversity amongst the parties and that the jurisdictional amount exceeds $75,000 [28 U.S.C. § 1332(a)] and $5,000,000 [28 U.S.C. § 1332(d)].

5. As a result of the instant Motion, Plaintiff has incurred and will incur reasonable costs and attorneys' fees in connection with this motion and the hearing thereon.

6. I have expended at least ten (10) hours in review of the file, in research of applicable federal and state law, in preparation of the notice of motion, the motion, the memorandum of points and authorities and this declaration. I anticipate three (3) hours to prepare a reply and two (2) hours to prepare for and attend the hearing on this motion. Accordingly, I expect to expend at least fifteen (15) hours in connection with this motion.

7. My hourly rate is $275.00, which is reasonable for like services in the community in which I practice. The total attorneys' fees and costs expended, including those anticipated, will be $4,125.

1 | I declare under penalty of perjury of the laws of the State of California and
2 | the United States of America that there foregoing is true and correct. Executed at
3 | Los Angeles, California.
4 |
5 | Dated: November 19, 2010
6 |
   | James A. De Sario

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within entitled action; my business address is 1801 Century Park East, Suite 2600, Los Angeles, California 90067.

On November 19, 2010, I served the following document(s) described as:

**NOTICE OF MOTION AND MOTION FOR ORDER REMANDING CASE TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JAMES A. DE SARIO**

on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope, with postage thereon fully prepaid, addressed as follows:

Michael A. Taitelman, Esq.
Steven B. Stiglitz, Esq.
FREEDMAN & TAITELMAN, LLP
1901 Avenue of the Stars, Suite 500
Los Angeles, California 90067

BY MAIL: As follows: I am readily familiar with our office's practice for collection and processing of correspondence and other materials for mailing with the United States Postal Service. On this date, I sealed the envelope(s) containing the above materials and placed the envelope(s) for collection and mailing on this date at the address stated above, following our office's ordinary business practices. The envelope(s) will be deposited with the United States Postal Service on this date, in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and that this Proof of Service was executed on November 19, 2010, at Los Angeles, California.

*[signature]*
Alejandra Beltran