JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:10-cv-07941-JHN -PLAx | Date | January 12, 2011 |
|---|---|---|---|
| Title | Miguel Arriola v. WS Packaging Group Inc et al | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | |
|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:**   ORDER GRANTING PLAINTIFF'S MOTION TO REMAND  (In Chambers)

The matter is before the Court on Plaintiff Miguel Arriola's Motion for Order Remanding Case to State Court ("Motion"; docket no. 5), filed on November 19, 2010. The Court has considered the briefs and supporting documents filed in this matter and deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. Accordingly, the hearing scheduled for January 24, 2011, is removed from the Court's calendar. For the reasons herein, the Court GRANTS the Motion and remands the action to the Superior Court of the State of California, County of Los Angeles.

### I.    Background

Plaintiff originally filed suit in California Superior Court on September 17, 2010. Plaintiff's suit, a putative class action, seeks recovery for violations of California's Labor Code and Business and Professions Code. Plaintiff alleges that Defendants have failed to provide employees, including Plaintiff, with a weekly allowance to maintain uniforms Defendants required them to wear, in violation of Labor Code section 2802 and applicable regulations. (Pl.'s Compl. (Notice of Removal Ex. A) ¶ 2.) Additionally, according to Plaintiff, Defendants pays wages through an ADP Visa Payroll Card, and ADP charges various fees through deductions from the balance "loaded" onto the cards, resulting in violations of Labor Code sections 201, 202, 203, 204, and 212. (*Id.* at ¶ 3.) Finally, Plaintiff alleges that Defendants failed to comply with Labor Code section 226(a), which requires employers to provide its employees with itemized wage statements. (*Id.* at ¶ 16.) On the basis of these allegations, Plaintiff brought seven claims, six of these based on the Labor Code violations, and the seventh based on California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq*.

On October 21, 2010, Defendants removed the action to this Court. Defendants asserted federal jurisdiction exists over this action based on 28 U.S.C. § 1332(a), diversity jurisdiction, and based on § 1332(d), the Class Action Fairness Act ("CAFA"). Plaintiff then filed the instant Motion, asserting that Defendants had failed to establish diversity jurisdiction under § 1332(a) or § 1332(d). On January 3, 2011, Defendants filed an Opposition (docket no. 7) supported by three declarations (docket nos. 8–10)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-07941-JHN -PLAx | Date | January 12, 2011 |
|---|---|---|---|
| Title | Miguel Arriola v. WS Packaging Group Inc et al | | |

and a request for judicial notice (docket no. 11).[1] In the Opposition, Defendants conceded that they could not meet the standard of proof regarding the amount in controversy requirement under § 1332(a) and asserted that federal jurisdiction exists based only on CAFA. (Defs.' Opp'n 1 n.1.) On January 10, 2011, Plaintiff filed a Reply and supporting declaration (docket no. 12.)

## II.     Legal Standard

Removal to federal court is governed by 28 U.S.C. § 1441, which in relevant part states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." 28 U.S.C. § 1441(a). However, the Court may remand a case to state court for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party invoking federal jurisdiction." *U.S. v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal," courts must strictly construe the removal statute and rule against removal "if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (internal quotation marks omitted).

Under CAFA, this Court has subject matter jurisdiction over a class action in which at least one member of the putative class is diverse from at least one defendant, and the aggregated claims of the putative class members exceed the value of $5,000,000. 28 U.S.C. § 1332(d)(2). For purposes of removal, the burden of proof in establishing federal jurisdiction varies "depending on the situation and the nature of the plaintiff's complaint." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007). As relevant here, if "it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, [courts] apply a preponderance of the evidence standard." *Id.* at 699. This standard requires the removing defendant to "provide evidence establishing that it is more likely than not that the amount in controversy" is satisfied for diversity purposes. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (internal quotation marks omitted). To make this determination, the court should consider, in addition to the complaint itself, "facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy at the time of removal," such as affidavits or declarations. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (internal quotation marks omitted); *Muniz v. Pilot Travel Ctrs. LLC*, No. CIV. S-07-0325 FCD EFB, 2007 WL 1302504, at *5 (E.D. Cal. May 1, 2007). A court may consider supplemental evidence later proffered by the removing defendant, which was not originally included in the removal notice. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.1 (9th Cir. 2002).

## III.     Discussion

Plaintiff's Complaint does not allege a specific amount in controversy, rendering applicable the

---

[1] Because the Court does not rely on the materials for which Defendants seek judicial notice, it declines to rule on the request for judicial notice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-07941-JHN -PLAx | Date | January 12, 2011 |
|---|---|---|---|
| Title | Miguel Arriola v. WS Packaging Group Inc et al | | |

preponderance of the evidence standard.[2] However, the Court finds that Defendants have failed to show by a preponderance of the evidence that the amount in controversy in this action exceeds $5,000,000.[3]

In their Opposition, Defendants present projections of Plaintiff's recovery under the various causes of action in the Complaint and estimate recovery of attorney fees at a rate of 30%. (Defs.' Opp'n 10–12.) The total amount in controversy projected by Defendants is $6,102,131. (*See id.* at 12.) The Court finds Defendants' total projection unlikely. The most glaring deficiency is that Defendants include in their projection both damages recovery for Plaintiff's claims under the Labor Code and restitution under the UCL. However, the basis for recovery of restitution under the UCL is the same violations of the Labor Code for which Plaintiff might recover damages. As double recovery would not be allowed, the amount projected for restitution under the UCL must be discounted from the total. Defendants project that the restitution amount would be $1,490,935. (Notably, this amount is merely a sum of three of the amounts Defendants previously projected for Labor Code violations.) Once that amount is subtracted from Defendants' total projected amount in controversy, the remainder is $4,611,196, less than the jurisdictional minimum. On this basis alone, the Court concludes that Defendants have not met their burden of proof as to the amount in controversy requirement under CAFA.[4] Accordingly, the Court finds that the requirements of federal jurisdiction under CAFA are not met in this case.

**IV.   Conclusion**

For these reasons, the Court GRANTS the Motion (docket no. 5) and remands the case to the Superior

---

[2] The Court disagrees with Plaintiff that his willingness to stipulate that the amount in controversy is less than $5,000,000 changes the burden of proof to a stricter standard (Pl.'s Reply 9, 10–11), because Ninth Circuit case law applies that stricter standard when such an allegation appears in the state-court complaint itself. *See Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998–99 (9th Cir. 2007). However, because the Court finds that Defendants do not meet the preponderance of the evidence standard, Plaintiff's assertion on this point is moot.

[3] The Court does not address whether CAFA's diversity requirement is met in this case, as Defendants' failure to meet the burden of proof with regard to the amount in controversy disposes of the matter.

[4] Defendants' calculation of damages for unpaid wages under Labor Code sections 201 and 202 is also questionable, as it is based on total wages paid rather than the fees that Plaintiff contends constitute *unpaid* wages, and the proposed measure of attorney fees is also questionable for purposes of meeting the jurisdictional amount in controversy. Additionally, though Defendants also assert that the cost to them of complying with any injunction that might result from this action should also be considered in determining the amount in controversy (Defs.' Opp'n 12), Defendants provided no evidence whatsoever showing what that cost might be. *See Sanchez*, 102 F.3d at 405.

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-07941-JHN -PLAx | Date | January 12, 2011 |
|---|---|---|---|
| Title | Miguel Arriola v. WS Packaging Group Inc et al | | |

Court of the State of California, County of Los Angeles.[5]

IT IS SO ORDERED.

                                                                      :   N/A

Initials of Preparer     AM

---

[5] The parties both seek attorney fees for counsel's work on this Motion. The Court denies Plaintiff's request for attorney fees because it appears that removal was made in good faith. The Court denies Defendants' request for attorney fees because the failure of Plaintiff's counsel to meet and confer prior to filing the Motion appears to have occurred through inadvertence.